**EDWARD R. MILLER,**

      **Plaintiff,**

      **v.**                       **Case No:  8:09-CV-1898-T-27AEP**

**SUPPORT COLLECTION UNIT
WESTCHESTER COUNTY, STATE
OF NEW YORK, MERRILY D.
MILLER, DANE T. MILLER, JOHN
T. BOSCO, SOCIAL SECURITY
ADMINISTRATION,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the following motions:

(1)      Defendant John Bosco's Motion to Dismiss (Dkt. No. 19) and Motion for

          Judgment (Dkt. No. 44), and Plaintiff Edward R. Miller's Motion for Judgment

          (Dkt. No. 24) and Opposition to Motion for Judgment (Dkt. No. 48);

(2)      Defendant Dane Miller's Motion to Dismiss (Dkt. No. 15) and Motion for

          Judgment (Dkt. No. 45), and Plaintiff Edward R. Miller's Motion for Judgment

          (Dkt. No. 26) and Opposition to Motion for Judgment (Dkt. No. 49);

(3)      Defendant Merrily Miller's Motion to Dismiss (Dkt. No. 23) and Opposition to

          Motion for Judgment (Dkt. Nos. 32-33) and Plaintiff Edward R. Miller's

          Motion for Judgment (Dkt. No. 29); and

(4)     Defendant Social Security Administration's Motion to Dismiss (Dkt. No. 40)

and Plaintiff Edward R. Miller's Opposition to Motion to Dismiss (Dkt. No.

50).

The Court has carefully reviewed the pleadings and is otherwise fully advised in the premises.[1,2]

## I.     *Factual Background*

On September 16, 2009, Plaintiff filed a Complaint (Dkt. No. 1) alleging various causes of actions against the named Defendants.  This action appears to have arisen after the Social Security Administration ("SSA") began garnishing Plaintiff's Social Security benefits pursuant to a New York state court garnishment order relating to child support payments owed by Plaintiff which were in arrears.  (*See* Dkt. No. 1 ¶¶ 5-6.)  In conjunction with contesting the SSA's garnishment, Plaintiff also alleged various torts against his former wife (Merrily Miller), daughter (Dane Miller), and John Bosco.  Most of those allegations are connected in part with Plaintiff's divorce from Merrily Miller and a past criminal prosecution of Plaintiff for failing to pay child support.

---

[1]  The Court notes that the Plaintiff and Defendants John Bosco, Dane Miller, and Merrily Miller are proceeding in this action *pro se*.

[2]  The above-mentioned Motions were referred to the undersigned by the Honorable James D. Whittemore (Dkt. Nos. 30, 31, 43, 52).

## A. Allegations Against John Bosco

The pertinent facts with respect to the allegations against Defendant John Bosco ("Bosco"), as alleged in the Complaint and which must be accepted as true for purposes of a Motion to Dismiss, are scant. Plaintiff merely alleges that Bosco is a citizen of the State of Oregon, (Dkt. No. 1 pp. 1), and accuses Bosco of slander and theft of property and documents from Plaintiff's automobile. (Dkt. No. 1 ¶ 71.) There are no other facts to support either allegation against Bosco in the Complaint. Plaintiff seeks an unspecified amount for regular and punitive damages in his claim for relief against Bosco. (*Id.* pp. 21.)

In his Motion for Judgment against Bosco (Dkt. No. 24), Plaintiff sets forth additional facts with respect to his allegations of slander and theft. Plaintiff alleges Bosco "told U.S. special agent Edward Leibler that the plaintiff had molested [Plaintiff's] daughter" which led to Plaintiff's denial of bail and continued detention. (*See id.* ¶¶ 3, 7-10, 19, 33-36.) Plaintiff alleges that Bosco's statements were later found to be untrue by Agent Leibler. (*Id.* ¶ 14.) Additionally, Plaintiff alleges Bosco misrepresented certain facts in interviews with Federal Prosecutors and special agents and damaged Plaintiff's credit rating. (*Id.* ¶¶ 28-30.)

With respect to the allegation of theft, Plaintiff alleges that Bosco broke into his automobile and stole various items. (*Id.* ¶ 4.) Although the Motion gives a date of December 21, 2009, the theft appears to have occurred in January 2004 according to the Alachua County Sheriff's Office incident report attached to the Motion. (*Compare* Dkt. No. 24 ¶ 4 *with* Dkt. No. 24 pp. 16). The damages to Plaintiff's vehicle and the value of the property stolen appear to total approximately $2,650. (*See* Dkt. No. 24 pp. 5-6.)

Bosco's Motion to Dismiss asserts that Plaintiff has provided "zero evidence to support his allegations." (Dkt. No. 19 pp. 1.) In his Motion for Judgment, Bosco denies Plaintiff's allegations and contends that Plaintiff's claims are frivolous. (Dkt. No. 44.) Additionally, Bosco claims that the Alachua County Sheriff's Department records do not reflect that he was involved with the alleged automobile theft. (*Id.* ¶¶ 11-12.)

### B.      Allegations Against Dane Miller

The pertinent facts with respect to the allegations in the Complaint against Defendant Dane Miller ("Dane") are also limited. Plaintiff alleges that Dane is a citizen of the State of Oregon. (Dkt. No. 1 pp. 1). Plaintiff alleges that Dane testified in the Circuit Court of Hillsborough in September 2001 and "filed the Child Support matter to the Florida Department of Revenue." (Dkt. No. 1 ¶ 52.) Additionally, in Count 6 of the Complaint Plaintiff accuses Dane of slander, libel, and theft of property and documents from Plaintiff's automobile. (*Id.* ¶ 71.) Plaintiff refers to allegations regarding sexual abuse made against him at a bail hearing that apparently "led to a turn down of bail" and being "placed in lock-down isolation." (*Id.* ¶¶ 65-67.) There are no other facts to support the allegations against Dane in the Complaint. In his claim for relief against Dane, Plaintiff seeks an unspecified amount for regular and punitive damages. (*Id.* pp. 20.)

In Plaintiff's Motion for Judgment against Dane (Dkt. No. 26), Plaintiff sets forth additional facts with respect to his allegations of slander and theft. Plaintiff refers to a letter Dane allegedly wrote as a teenager and sent to a friend that stated Plaintiff beat her. (*See* Dkt. No. 26 ¶¶ 6-8.) Additionally, like his allegations against Bosco, Plaintiff alleges Dane

accused him of molesting a minor which led to Plaintiff's denial of bail and continued

detention.  (*See id.* ¶¶ 14-18, 29, 33.)  Plaintiff alleges that Dane's allegations were later

found to be untrue by U.S. Special Agent Liebler.  (*Id.* ¶ 22.)  Additionally, Plaintiff attaches

several affidavits dated February 28, 2004, by third parties attesting to the alleged fraudulent

accusation made by Dane against Plaintiff.  (*See* Dkt. No. 26 pp. 30-32.)  Finally, Plaintiff

alleges Dane misrepresented certain facts in interviews with Federal Prosecutors and special

agents (*id.* ¶¶ 36-37) and damaged his credit rating (*id.* ¶ 40).

With respect to the allegation of theft, Plaintiff alleges that Dane assisted in breaking

into his automobile and stealing various items from it.  (*Id.* ¶ 10-11.)  Although the Motion

gives a date of December 21, 2009, the theft appears to have occurred in January 2004

according to the Alachua County Sheriff's Office incident report attached to the Motion.

(*Compare* Dkt. No. 26 ¶ 10 *with* Dkt. No. 26 pp. 14).  The damages to Plaintiff's vehicle and

the value of the property stolen appear to total approximately $2,650.  (*See* Dkt. No. 26 pp. 7.)

Dane's Motion to Dismiss asserts that Plaintiff has provided "zero evidence to support

his allegations."  (Dkt. No. 15 pp. 1.)  In her Motion for Judgment, Dane denies Plaintiff's

allegations and contends that Plaintiff's claims are frivolous.  (Dkt. No. 45.)  Additionally,

Dane claims that the Alachua County Sheriff's Department records do not reflect that she was

involved with the alleged automobile theft.  (*Id.* ¶¶ 11-12.)

### C.    <u>Allegations Against Merrily Miller</u>

The pertinent facts with respect to the allegations in the Complaint against Defendant

Merrily Miller ("Merrily") are as follows.  Plaintiff alleges that Merrily is a citizen of the

State of Oregon.  (Dkt. No. 1 pp. 1).  Plaintiff alleges that Merrily testified in the Circuit

Court of Hillsborough in September 2001, and "filed the Child Support matter to the Florida

Department of Revenue."  (*Id.* ¶ 52.)  Additionally, in Count 5 of the Complaint Plaintiff

alleges Merrily "misrepresented the facts" in affidavits provided to the courts and may have

been untruthful in interviews with Federal Prosecutors and in testimony before a grand jury.

(*Id.* ¶¶ 50, 53.)  Plaintiff generally complains of his child support obligations, (*id.* ¶¶ 57-58,

94), and in Count 11 of the Complaint refers to a fraudulent conveyance of property valued at

$200,000, stating that Merrily signed his name to a deed for real property without his consent

(*id.* ¶¶ 83, 98).  There are no other facts to support the allegations against Merrily in the

Complaint.  In his claim for relief against Merrily, Plaintiff seeks $1,540,000 for "obstruction

of justice for forgery of plaintiff's name to a deed of property plus punitive damages."  (*Id.*

pp. 20.)

In Plaintiff's Motion for Judgment against Merrily (Dkt. No. 29), Plaintiff generally

repeats the allegations regarding Merrily's appearances before the grand jury and the Circuit

Court for Hillsborough County in his Complaint without setting forth any additional facts.

(*See* Dkt. No. 29 ¶¶ 25-27, 51-53.)

Merrily's Motion to Dismiss asserts that Plaintiff has provided "no evidence to

support his accusations or demands."  (Dkt. No. 23 pp. 2.)  Merrily denies most of Plaintiff's

allegations, but admits that a judgment for arrears exists and that she appeared before the

Circuit Court of Hillsborough in September 2001.  (*Id.* pp. 1-2.)  In her Response in

Opposition to Plaintiff's Motion for Judgment, Merrily denies Plaintiff's allegations and

contends that Plaintiff's claims are frivolous. (Dkt. Nos. 32-33.) Merrily alleges that numerous judgments were made against Plaintiff for child support and that he has evaded payment for over a decade. Attached to her Response in Opposition are numerous decisions and orders entered by the courts of New York reflecting the arrears in child support owed by Plaintiff. (*See generally* Dkt. No. 33.)

### D.  Allegations Against Social Security Administration

The pertinent facts with respect to the allegations in the Complaint against Defendant Social Security Administration ("SSA") are as follows. Plaintiff alleges that the SSA is an agency of the United States of America. (Dkt. No. 1 pp. 1). Plaintiff alleges that the SSA has garnished his disability income in the amount of $932.00, i.e., 65% of his normal payment amount, in accordance with a New York State Support Collection Unit ("NYSCU") garnishment order. (*Id.* ¶¶ 6, 38, 47.) Plaintiff additionally alleges that there is not a New York support order or arrears payment order. (*Id.* ¶¶ 7-8.) Although Plaintiff contests the exact amount of arrearage, he concedes that he is in arrears and that there was a judgment entered against him in the amount of $237,141.04. (*Id.* ¶¶ 12, 18, 20-25, 31, 33.)

Next, Plaintiff alleges that the SSA failed to give him adequate notice or a hearing regarding the garnishment that violated his procedural due process rights and constituted an improper taking. (*Id.* at ¶¶ 37-38.) Specifically, the Complaint alleges that letters dated May 28, 2009, and June 3, 2009 were not mailed by the SSA until July 13, 2009, and July 14, 2009, respectively. (*Id.* at ¶¶ 36-38.) Plaintiff contends he received these notices 45 days after Plaintiff's social security payments were already garnished. (*Id.* at ¶36.) The Complaint

alleges that Plaintiff has contacted the SSA but that the SSA has refused to cease and desist its enforcement of the New York execution order. (*Id.* at ¶¶ 39, 47.)

The SSA's Motion to Dismiss asserts that this Court lacks subject matter jurisdiction over Plaintiff's claims against the SSA and argues that Plaintiff fails to state a claim upon which relief can be granted. (Dkt. No. 40 pp. 1.) First, the SSA claims that as an agency of the United States it is entitled to sovereign immunity and may not be sued without its consent or be held liable because it honored the NYSCU garnishment order in accordance with 42 U.S.C. § 659, the statute which allows for garnishment of Social Security benefits to provide for child support. (*Id.* pp. 3-5.) Specifically, the SSA argues that it did in fact send notice of the garnishment order to Plaintiff within 15 days of receiving the order from the NYSCU. (*Id.* pp. 5-6.) Second, the SSA argues that to the extent that Plaintiff's claims are construed as claims brought under the Federal Tort Claims Act ("FTCA"), Plaintiff has failed to exhaust his administrative remedies. (*Id.* pp. 6-7.)

In Plaintiff's response to the SSA's Motion to Dismiss, Plaintiff continues to argue that the SSA has violated his due process rights of notice, but offers no new facts to support his allegations. (Dkt. No. 50.)

## II.      *Applicable Legal Standards*

Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If the complaint fails to state a claim upon which relief may be granted, a motion to dismiss may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In

deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed'") (*quoting Twombly*, 550 U.S. at 555-56). Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Court also recognizes that Plaintiff is proceeding in this matter *pro se*. In reviewing the Complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action.

*See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)

(holding that while courts should show leniency to *pro se* litigants, "this leniency does not

give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise

deficient pleading in order to sustain an action").

### III. Discussion

#### A. John Bosco's Motion to Dismiss

Bosco's Motion to Dismiss argues that Plaintiff's Complaint provides "zero evidence

to support his allegations." (Dkt. No. 19 pp. 1.) The Court interprets this statement to mean

that Plaintiff's Complaint fails to state a claim upon which relief may be granted, under

Federal Rule of Civil Procedure 12(b)(6). The Court agrees that Plaintiff's Complaint lacks

any factual allegations which could support a cause of action for defamation or theft of

property.

Under Florida law, to state a cause of action for defamation a plaintiff must allege: (1)

the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4)

that the falsity of the statement caused injury to the plaintiff. *Valencia v. Citibank Intern.*,

728 So. 2d 330, 330 (Fla. Dist. Ct. App. 1999) (*citing Seropian v. Forman*, 652 So. 2d 490

(Fla. Dist. Ct. App. 1995). In Florida, a private individual who is neither a public official nor

a public figure need establish only that the publisher of a defamatory falsehood was negligent

to recover proven compensatory damages. *Seropian*, 652 So. 2d at 494.

Here, Plaintiff's Complaint makes a conclusory allegation that Bosco slandered him

without any factual support. It is unclear what the statement concerned, whom it was made

to, or what damages resulted from the statement.  Furthermore, although the Court assumes the statement was made in Florida, the Complaint makes no mention of where the statement was made or when it occurred.[3]  Accordingly, the undersigned recommends that the Court dismiss the claim for defamation against Bosco for failure to state a claim with leave to amend the Complaint.

Plaintiff's allegation of theft comes closer to meeting the pleading requirements, but is still defective.  Civil theft is defined in Florida as follows:

> (1)  A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>
> > (a)  Deprive the other person of a right to the property or a benefit from the property.
>
> > (b)  Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

FLA. STAT. § 812.014 (2009).

Here, Plaintiff has simply alleged Bosco took property and documents from his automobile.  Again, the Court assumes the theft of property took place in Florida, however the Complaint makes no mention of where or when the theft occurred, or the value of the items taken.[4]  A complaint must allege sufficient facts to ensure fundamental fairness for a

---

[3]  The Court also notes that in Florida the statute of limitations for an action for libel or slander is two years.  FLA. STAT. § 95.11(4)(g) (2009).

[4]  The Court notes that in Florida the statute of limitations applicable to civil theft provides: Notwithstanding any other provision of law, a civil action or proceeding under this chapter may be commenced at any time within 5 years after the conduct in violation of a provision of this act terminates or the cause of action accrues.  FLA. STAT. § 772.17 (2009).
A cause of action is said to accrue when the last element constituting the cause of

defendant so as to "put the defendant on notice as to what conduct is being called for defense in a court of law." *Anderson v. U.S. Dept. of Hous. and Urban Dev.*, 554 F.3d 525, 528-29 (5th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Plaintiff's Complaint fails to sufficiently plead facts to fairly put Bosco on notice to defend himself against this claim. The undersigned recommends that the Court dismiss the theft claim and grant Plaintiff leave to amend the Complaint to allege specific facts, such as time, date, place, and a description and value of the items taken.

### B.     Dane Miller's Motion to Dismiss

Dane's Motion to Dismiss argues that Plaintiff's Complaint provides "zero evidence to support his allegations." (Dkt. No. 15 pp. 1.) The Court interprets this statement to mean that Plaintiff's Complaint fails to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6). For the same reasons articulated above with respect to Plaintiff's claims against Bosco, the Court agrees that Plaintiff's Complaint lacks any factual allegations which could support a cause of action for defamation or theft of property.

Here, Plaintiff's Complaint makes a conclusory allegation that Dane slandered him with insufficient factual support. For example, Paragraphs 65 and 66 of the Complaint state:

> 65. The father spend four days in Alachua County incarceration before the Federal investigators determined that the allegations were fail. The Federal Prosecutor withdraw the agreement with the father's attorney as to being released on his on re cognoscente because of those allegations.

---

action occurs. FLA. STAT. § 95.031(1) (2009).

66. In another bail hearing in NYS the sexual abuse was brought up again by a Federal prosecutor, which led to a turn down of bail and the conveying of the sex abuse slanders of a minor to the prison officials and inmates for the NYS incarceration facility.

(Dkt. No. 1 ¶¶ 65-66.) Although it appears from these allegations that some statement was made that Plaintiff committed sexual abuse of a minor, it is not clearly stated who made the statement, whom it was made to, or where and when it was made. Accordingly, the undersigned recommends that the Court dismiss the claim for defamation against Dane for failure to state a claim with leave to amend the Complaint.

Plaintiff's allegation of theft against Dane is essentially identical to the allegations against Bosco. Plaintiff merely alleges Dane took property and documents from his automobile. (Dkt. No. ¶ 64.) For the same reasons as given above with respect to Bosco, the Court finds that Plaintiff's Complaint fails to sufficiently plead facts to fairly put Dane on notice to defend herself against this claim. The undersigned recommends that the Court dismiss the theft claim and grant Plaintiff leave to amend the Complaint to allege specific facts, such as time, date, place, and a description and value of the items taken.

### C. Merrily Miller's Motion to Dismiss

Merrily's Motion to Dismiss argues that Plaintiff's Complaint "provides no evidence to support his accusations or demands." (Dkt. No. 23 pp. 2.) The Court interprets this statement to mean that Plaintiff's Complaint fails to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6). The Court agrees that Plaintiff's Complaint lacks any factual allegations which could support a cause of action against Merrily.

Here, Plaintiff's Complaint makes a conclusory allegation that Merrily misrepresented certain facts in affidavits and in testimony to the courts. To the extent that these particular allegations are to be construed as allegations of slander against Merrily, the Court finds that Merrily is absolutely immune and a cause of action for slander cannot be maintained.

"Traditionally, defamatory statements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 607-608 (Fla. 1994) (*citing Fridovich v. Fridovich*, 598 So. 2d 65 (Fla. 1992).[5] Consequently, the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable. *Id.* at 608. "Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Id.* The immunity afforded to statements made during the course of a judicial proceeding extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well. *Id.*

One reason for such a rule is that vexatious suits would be multiplied if the merits of an earlier judgment could be reexamined by a trial of the witness's testimony. Another reason is that fear of subsequent litigation would discourage witnesses from giving full disclosure at a judicial proceeding. *See id.* at 608; RESTATEMENT (SECOND) OF TORTS, § 588,

---

[5] The Court notes that the law is similar in New York. *See Chimarev v. TD Waterhouse Investor Servs., Inc.*, 233 F. Supp. 2d 615, 618 (S.D.N.Y. 2002) ("It is well settled that statements made by parties and their attorneys in the context of legal proceedings are absolutely privileged if they are pertinent to the litigation").

cmt. a (1977).  The prospects of criminal prosecution for perjury and punishment for contempt are generally thought to be sufficient to protect the court from acts obstructing the administration of justice.  *See id.* at 608-09;  RESTATEMENT (SECOND) OF TORTS, § 588, cmt. a (1977).

Moreover, in Florida, testimony received by a constituted grand jury has long been considered as privileged and cannot be the basis for a cause of action for libel or slander, or conspiracy for libel or slander.  *See Buchanan v. Miami Herald Pub. Co.*, 206 So. 2d 465, 467-68 (Fla. Dist. Ct. App. 1968); *State v. Tillet*, 111 So. 2d 716, 721-22 (Fla. Dist. Ct. App. 1959).  Merrily's affidavits submitted to the courts, and testimony given before the court or in a grand jury proceeding are absolutely privileged and cannot form the basis for a defamation claim by Plaintiff.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted with respect to those allegations.

The Court next addresses Plaintiff's claim against Merrily for an alleged fraudulent conveyance of property.  Under Count 11 of the Complaint for fraudulent conveyance of property Plaintiff alleges in Paragraph 83:

> 83. The mother signed the father's name to the deed of their fish camp property without the father permission and received $200,000.00.

(Dkt. No. 1 ¶ 83.)  It is not clear from the Complaint where the property is located, when the property was sold, or the circumstances of the sale.[6]  Under Rule 9(b) of the Federal Rules of

---

[6]    The Court notes that in Florida the statute of limitations for a legal or equitable action founded on fraud is four years.  FLA. STAT. § 95.11(3)(j) (2009).  In New York the statute of limitations for an action based upon fraud is six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it.  N.Y. C.P.L.R. § 213(8) (McKinney 2004).

Civil Procedure a complaint alleging fraud must state "with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Further, an "allegation of time or place is material when testing the sufficiency of a pleading." FED. R. CIV. P. 9(f). Here the Court finds that Plaintiff has not plead sufficient facts with respect to the circumstances of the allegedly fraudulent sale of the "fish camp property." As stated previously, Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Accordingly, the undersigned recommends that the Court dismiss the claim for fraudulent conveyance against Merrily for failure to state a claim and for failing to plead with sufficient particularity the circumstances constituting fraud, with leave to amend the Complaint.

### D.    Diversity Jurisdiction Under 28 U.S.C. § 1332

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Plaintiff asserts that subject matter jurisdiction exists in this action under a variety of theories. The defamation and theft allegations against Bosco and Dane do not concern a federal question but are rather matters of state law. Additionally, the Court finds that Plaintiff's state claims against Bosco and Dane should not obtain the benefit of supplemental jurisdiction under 28 U.S.C. § 1367 as they are wholly unrelated to Plaintiff's alleged federal causes of actions against the other defendants.[7] *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 302 (3rd

---

[7] Section 1367(a) provides: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (2006).

Cir. 1998) ("A district court may not assert supplemental jurisdiction over state claims that are totally unrelated to the federal claims that form the basis of the court's jurisdiction"). Thus, Plaintiff may only maintain an action against Bosco and Dane based on diversity jurisdiction under 28 U.S.C. § 1332, which provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

(1) citizens of different States.

The Court accepts as true that Bosco and Dane are citizens of Oregon and that Plaintiff is a citizen of Florida. However, the Court is not satisfied that the amount in controversy has properly been plead.

"The prerequisites to the exercise of jurisdiction are specifically defined . . . They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations." *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)

Generally, a court owes some deference to a diversity plaintiff's amount in controversy allegations, and should dismiss the suit for lack of jurisdiction only when "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). However, that deference does not eviscerate the court's obligation to scrupulously enforce its

jurisdictional limitations. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000). Where jurisdiction is based on a claim for indeterminate damages, the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. V. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

"The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that 'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.' *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (citations omitted); *see also Seguros Comercial Am. v. Hall*, 115 F. Supp. 2d 1371, 1376 -1377 (M.D. Fla. 2000) ("In an action against multiple unrelated defendants, a plaintiff relying on § 1332 must satisfy the amount-in-controversy requirement with respect to each individual defendant, unless the defendants may be held jointly liable to the plaintiff").[8] Thus, where liability among defendants is several, a plaintiff cannot aggregate its claims against individual defendants in order to satisfy the jurisdictional amount in controversy requirement.

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Here, Plaintiff's Complaint naming multiple defendants alleges that the amount in controversy exceeds $237,141.04.[9] (Dkt. No. 1 pp. 2.) Sporadically throughout the Complaint Plaintiff claims specific money damages due to his Social Security benefits being garnished, for his prior criminal prosecution for failure to pay child support, and for disputes that apparently have to do with his prior divorce action. Nowhere does Plaintiff allege, with respect to the allegations against Bosco and Dane, the value of the items taken from his automobile, or the damages incurred due to the alleged defamation.

Moreover, based upon a review of the Complaint the Court finds that Plaintiff's slander and theft allegations against Bosco and Dane are separate and distinct from Plaintiff's claims for money damages against Defendants Social Security Administration, State of New York, and Merrily Miller. Therefore, the Court finds that the claims against the other Defendants cannot be aggregated to support diversity jurisdiction against Bosco or Dane. As the Complaint is currently plead, Plaintiff has failed to allege the necessary amount in controversy to maintain diversity jurisdiction against Bosco or Dane. Therefore, the undersigned recommends that Bosco's and Dane's Motions to Dismiss also be granted due to lack of jurisdiction, with leave to amend the Complaint to properly state the amount in controversy as to each Defendant.

---

[9] Coincidentally, this appears to be the amount owed by Plaintiff in child support. (*See* Dkt. No. 1 ¶ 31.)

### E.    Social Security Administration's Motion to Dismiss

The SSA's Motion to Dismiss argues that this Court lacks subject matter jurisdiction over Plaintiff's claims against the SSA and that Plaintiff fails to state a claim upon which relief can be granted.  (Dkt. No. 40 pp. 1.)  The SSA asserts that it is entitled to sovereign immunity because it honored the NYSCU garnishment order in accordance with 42 U.S.C. § 659.  Specifically, the SSA states that the New York court order was issue on May 21, 2009, and the SSA sent Plaintiff written notice on June 3, 2009.  (*Id.* pp. 5; Dkt. No. 40-3.)  Plaintiff contends that he did not receive the Agency's notice until July 18, 2009, "45 days after his money was taken."  (Dkt. No. 1 ¶ 36.)  Additionally, Plaintiff contends that SSA used a wrong address in sending its notice.  (Dkt. No. 50 pp. 1.)

Subject matter jurisdiction may be attacked under FED. R. CIV. P. 12(b)(1) in two forms.  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  "Facial attacks" are based solely on the allegations in the complaint.  *Id.*  "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and extrinsic evidence, such as testimony and affidavits, are considered.  *Id.*; *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

When addressing a 12(b)(1) motion where a defendant raises a factual attack on subject matter jurisdiction, the trial court is generally free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  *Dunbar*, 919 F.2d at 1529.  "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

The attack in this case is factual. The SSA contends they sent notice in compliance with 42 U.S.C. § 659 and are thus entitled to sovereign immunity, precluding this Court from having subject matter jurisdiction. Plaintiff contends the SSA did not provide him with adequate notice and violated his due process rights. Before addressing these contentions, the Court first looks to the relevant statute.

Generally, no legal proceeding, including garnishment, may be brought against the United States absent a waiver of its sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). However, the enactment of 42 U.S.C. § 659 in 1974 allowed for social security benefits payable from the United States to an individual to become available for garnishment or similar legal process for enforcement of court-ordered child support and alimony. *See United States v. Morton*, 467 U.S. 822, 826-27 (1984). Specifically, 42 U.S.C. § 659 provides:

(a) Consent to support enforcement

Notwithstanding any other provision of law (including section 407 of this title and section 5301 of title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan

approved under this part or by an individual obligee, to enforce the legal
obligation of the individual to provide child support or alimony.

42 U.S.C. § 659(a) (2006).  Moneys payable to an individual that are considered to be based

upon "remuneration for employment" include periodic payments or other payments including

social security benefits.  *See* 42 U.S.C. § 659 (h)(1)(A)(ii)(I).  Additionally, § 659(f), which is

in effect a reservation of sovereign immunity, relieves the government from liability for

compliance with the statute.  It provides:

> (1) Neither the United States, nor the government of the District of Columbia,
> nor any disbursing officer shall be liable with respect to any payment made
> from moneys due or payable from the United States to any individual pursuant
> to legal process regular on its face, if the payment is made in accordance with
> this section and the regulations issued to carry out this section.

42 U.S.C. § 659(f)(1).

The primary allegation that Plaintiff makes here is that the SSA failed to give him

adequate notice and therefore did not strictly comply with the requirements of § 659.  The

notice requirement that Plaintiff complains of relates to § 659(c)(2), which provides:

> (2) Response to notice or process
>
> If an agent designated pursuant to paragraph (1) of this subsection receives
> notice pursuant to State procedures in effect pursuant to subsection (a)(1) or
> (b) of section 666 of this title, or is effectively served with any order, process,
> or interrogatory, with respect to an individual's child support or alimony
> payment obligations, the agent shall –
>
> (A) *as soon as possible (but not later than 15 days)* thereafter, *send written
> notice of the notice or service (together with a copy of the notice or service) to
> the individual* at the duty station or *last-known home address of the individual.*

42 U.S.C. § 659(c)(2) (emphasis added).

Therefore, if the Court finds based upon the SSA's factual attack that notice was sent to Plaintiff's last-known home address within 15 days from it receiving notice from the New York State Collection Unit, then the SSA would be immune from suit under 42 U.S.C. § 659(f) and this Court would not have jurisdiction to hear the case.

Plaintiff alleges in his Complaint that the SSA gave notice regarding the garnishment in a letter dated June 3, 2009, but that it was mailed to a wrong address and he did not receive it until "45 days after his money was taken." (Dkt. No. 1 ¶ 36; Dkt. No. 4 ¶ 19.) Plaintiff additionally alleges SSA did not mail the letter dated June 3, 2009, until July 14, 2009, and he received it on July 18, 2009. (Dkt. No. 1 ¶ 36.) The SSA argues that it complied with § 659 because it sent Plaintiff written notice on June 3, 2009, within 15 days from New York's court order issued on May 21, 2009.[10] (Dkt. No. 40 pp. 5; Dkt. Nos. 40-2, 40-3.) Additionally, the SSA explains that there were two letters mailed: a July 14, 2009, letter sent from SSA's Houston Teleservice Center in Houston, Texas, and a June 3, 2009, letter sent from SSA's Northeastern Program Service Center in Jamaica, New York. (Dkt. No. 40 pp. 6.)

Plaintiff's Complaint lacks the date that New York served the child support order upon the SSA, however it is clear to the Court from the record that the date is May 21, 2009. (*See* Dkt. Nos. 40-2; Dkt. No. 29 pp. 35-36; Dkt. No. 51 pp. 2-3.) Moreover, this date appears undisputed as Plaintiff and SSA have each submitted the New York order with identical dates. Furthermore, Plaintiff does not challenge the fact that the SSA sent notice to

---

[10] The Court notes that Plaintiff also submitted a copy of the New York court order. (Dkt. No. 29 pp. 35-36; Dkt. No. 51 pp. 2-3.)

Plaintiff in a letter dated June 3, 2009. Plaintiff's only contention is that it was sent to the wrong address, and therefore he did not receive it in a timely manner. The Court finds that the plain language of 42 U.S.C. § 659(c)(2) merely requires that the SSA send notice to Plaintiff's *last-known home address*. The SSA clearly satisfied this requirement, as well as the other conditions of 42 U.S.C. § 659.[11] As stated before, 42 U.S.C. § 659(f) preempts the imposition of liability under state law and preserves sovereign immunity if the government meets the conditions set forth therein. *See Millard v. U.S.*, 916 F.2d 1, 11 (Fed. Cir. 1990). Because the Court finds that the pleadings and extrinsic evidence show SSA literally complied with the statute, the SSA is immune from suit and therefore the Court lacks subject matter jurisdiction with respect to Plaintiff's claims against them.[12] Accordingly, the undersigned recommends that the Court dismiss with prejudice Plaintiff's Complaint against the SSA pursuant to FED. R. CIV. P. 12(b)(1).

**F.** **Sua Sponte Dismissal of Complaint Against New York State Collection Unit**

In this Court's Order of October 6, 2009, allowing the Plaintiff to proceed *in forma pauperis* the undersigned found under a liberal construction of Plaintiff's Complaint that he

---

[11] Contrary to Plaintiff's assertions, he is not entitled under § 659 to a hearing before the SSA to contest the garnishment. The underlying purpose of § 659 was enacted to provide a speedy and efficacious means of ensuring payment of child support and alimony. *Morton*, 467 U.S. at 833-34. Burdening the garnishment process with inquiry into the validity of New York's order for support via collateral attack through the SSA only frustrates this fundamental purpose as a consequence of the resulting delay in the process of collection. *See id.*

[12] The Court also agrees with the SSA that if Plaintiff's claims seeking damages from the SSA (Dkt. No. Pp. 20), are construed as claims brought under the Federal Tort Claims Act, Plaintiff has failed to exhaust his administrative remedies because he has not first presented his claims to the SSA as required under 28 U.S.C. § 2675.

appeared to state at least one cause of action, that being a possible due process claim against Defendant Social Security Administration ("SSA"). The Court did not address the merits or viability of the allegations against the other named Defendants. Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). Additionally, in some cases a court may dismiss a claim *sua sponte* for failure to state a claim upon which relief may be granted under Rule 12(b)(6) if the Plaintiff is allowed an opportunity to respond or address the deficiency by way of an amended complaint. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057, 1071-72 (11th Cir. 2007). Because the Court has found that the Complaint should be dismissed as against the SSA, as well as against Bosco, Dane, and Merrily, the Court feels obligated to determine whether the Court has jurisdiction over Plaintiff's claims against the New York State Support Collection Unit ("NYSCU") and to determine whether Plaintiff has stated a claim against the NYSCU upon which relief may be granted.

Looking to the Complaint, Plaintiff alleges that the NYSCU garnished his disability income, taking 65% of his monthly social security benefits. (Dkt. No. 1 ¶ 6.) Plaintiff questions the total amount of child support owed, alleges certain payments to the children were not credited to him, and alleges that some of the child support owed is barred by the statute of limitations. (*See id.* ¶¶ 18-26.) Plaintiff additionally alleges that there is not a New York support order or arrears payment order. (*Id.* ¶¶ 7-8.) Although Plaintiff contests the exact amount of arrearage, he concedes that he is in arrears and that there was a judgment entered against him in the amount of $237,141.04. (*Id.* ¶¶ 12, 18, 20-25, 31, 33.) However,

Plaintiff challenges the manner in which the NYSCU calculated the deduction from his social security benefits. (*Id.* ¶ 31.) In his claim for relief Plaintiff seeks to cancel or reduce the arrears judgment. (Dkt. No. 1 pp. 20.)

It is unclear to the Court what wrongs Plaintiff is alleging in the Complaint that the NYSCU has committed. Counts 1 through 3 of the Complaint appear to be directed to the NYSCU, but the Court is not satisfied that Plaintiff has provided "a short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8 of the Federal Rules of Civil Procedure.

To the extent that Plaintiff is seeking to undo the New York arrears judgment, this Court lacks subject-matter jurisdiction to hear Plaintiff's claims under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is generally confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Eleventh Circuit's four-part test bars federal court jurisdiction under the Rooker-Feldman doctrine where: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003). Here Plaintiff's Complaint seeks

to challenge final judgments rendered by New York State courts regarding child support and the amount of arrears owed. Therefore, to the extent that Plaintiff's claims are directed to challenging those judgments, this Court would lack subject-matter jurisdiction to hear those claims under the Rooker-Feldman doctrine.

It is additionally unclear to the Court from the Complaint how Plaintiff's due process rights have been violated due to the lack of factual allegations. With respect to Plaintiff's claims asking this Court to review the NYSCU garnishment order, (Dkt. No. 1 pp. 20), New York law allows for judicial review of garnishments within 15 days of receiving notice of the garnishment pursuant to N.Y. C.P.L.R. § 5241(e).[13] A debtor who fails to seek relief within the statutory 15-day period for asserting a "mistake of fact" may still obtain, at any time, relief from the state court from the use of any enforcement procedure under N.Y. C.P.L.R. § 5240.[14] *Reynders v. Reynders*, 155 A.D.2d 987, 987 (N.Y. App. Div. 1989). Additionally, Plaintiff may have available to him the remedy of an Article 78 proceeding to review the actions of the support collection unit. *See N.Y. State NOW v. Pataki*, 261 F.3d 156, 168-69 (2d Cir. 2001) (requiring courts to consider the availability of Article 78 proceedings in determining whether the state had provided procedural due process). The availability of these

---

[13] N.Y. C.P.L.R. § 5241(e) provides in part: Where the execution has been issued by the support collection unit, the debtor may assert a mistake of fact and shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy thereof.

[14] N.Y. C.P.L.R. § 5240 provides: The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.

processes satisfy the dictates of due process. Therefore, Plaintiff's due process claims against the NYSCU are also defective.

Accordingly, as the Court finds *sua sponte* that Plaintiff has failed to state a claim against the NYSCU upon which relief may be granted under Rule 12(b)(6), the undersigned recommends that Plaintiff's claims against NYSCU be dismissed without prejudice, with leave to amend the Complaint. *See Martinez*, 480 F.3d at 1057 (finding district court's *sua sponte* dismissal under Rule 12(b)(6) proper so long as the plaintiff was provided with notice and an opportunity to respond via an amended complaint).

### G.      Motions for Judgment; Contents of Amended Complaint

The undersigned has recommended that the Motions to Dismiss filed by Bosco, Dane, and Merrily be granted with leave to Plaintiff to amend the Complaint. *See Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 77 (5th Cir. 1961) (stating that as a general rule, when a judgment of dismissal is ordered under 12(b)(6) the unsuccessful pleader must be given an opportunity to file an amendment unless it appears reasonably certain that he can not make out a claim). Therefore, Bosco's and Dane's Motions for Judgment (Dkt. Nos. 44, 45) are rendered moot, while Plaintiff's Motions for Judgment (Dkt. Nos. 24, 26, 29) are due to be denied. Additionally, although Plaintiff's Motion for Default Judgment against the NYSCU, (Dkt. No. 47), has not been referred to the undersigned, in light of my recommendation that Plaintiff's claims against the NYSCU be dismissed, the undersigned would recommend that the Motion for Default Judgment against the NYSCU be denied as moot.

In light of the above, the undersigned feels compelled for the purposes of judicial economy to advise Plaintiff that the Court would recommend dismissal for failure to state a claim if his amended complaint states facts identical to those alleged in his Motions for Judgment in regards to his defamation claims against Bosco and Dane, for the same reasons that the slander claim against Merrily has been dismissed. Here, the Court notes that Plaintiff alleges in his Motions for Judgment that Bosco and Dane made certain defamatory statements during interviews with "Federal Prosecutors" and to a "U.S. special agent" that were false which caused him to be denied bail. Without more, the undersigned would find as a matter of law that those statements would not be actionable because they were made after Plaintiff had already been charged with failure to pay child support, and were thus made in connection with an ongoing judicial proceeding and were related to that proceeding. *See Levin*, 639 So. 2d at 608 ("absolute immunity arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings").

Finally, the Court finds that Plaintiff should allege specific facts, to include time and place, in submitting an amended complaint, and in doing so Plaintiff should consider the applicable statute of limitations in determining whether his claims might be barred.

### IV.    *Conclusion*

For the foregoing reasons it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in accordance with the following:

(1)     Motions to Dismiss (Dkt. Nos. 15, 19, 23) filed by Defendants Dane Miller

        John Bosco, and Merrily Miller, respectively, be **GRANTED** with all claims

        against them **DISMISSED WITHOUT PREJUDICE**;

(2)     Motions for Judgment (Dkt. Nos. 44, 45) filed by Defendants John Bosco and

        Dane Miller, respectively, be **DENIED AS MOOT**;

(3)      Plaintiff's Motions for Judgment (Dkt. Nos. 24, 26, 29) be **DENIED**;

(4)     Defendant Social Security Administration's Motion to Dismiss (Dkt. No. 40)

        be **GRANTED** and all claims against it be **DISMISSED WITH**

        **PREJUDICE**;

(5)     Plaintiff's claims against the New York State Collection Unit be **DISMISSED**

        **WITHOUT PREJUDICE**; and

(6)     The Court direct Plaintiff to file an Amended Complaint consistent with the

        pleading requirements of the Federal Rules of Civil Procedure within twenty

        (20) days of the Court's Order, failing which may result in a dismissal of the

        action against the remaining Defendants without further notice.

**IT IS SO REPORTED** at Tampa, Florida, this 9th day of February, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

**Copies furnished to:**

Honorable James D. Whittemore

Counsel of Record

Pro se parties