# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDWARD R. MILLER,**

        **Plaintiff,**

**v.**                                   **Case No: 8:09-CV-1898-T-27AEP**

**SUPPORT COLLECTION UNIT**
**WESTCHESTER COUNTY, et al.,**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on *pro se* Plaintiff's Notice of Appeal (Dkt. No. 57) and Affidavit of Indigency (Dkt. No. 58) which the Court construes as Plaintiff's **Motion for Leave to Proceed *in forma pauperis* on Appeal**.

On February 9, 2010, the undersigned recommended that Plaintiff's Complaint be dismissed without prejudice as to Defendants Dane Miller, John Bosco, Merrily Miller, and the Support Collection Unit, Westchester County, and that the claims against the Social Security Administration be dismissed for lack of subject matter jurisdiction (Dkt. No. 53). The District Judge adopted the Report and Recommendation on March 5, 2010, and directed Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure by March 26, 2010. (Dkt. No. 54.)

Plaintiff belatedly filed an Objection to the Report and Recommendation on March 8, 2010, after the District Judge had adopted it. (Dkt. No. 55.) Plaintiff then filed an Amended Complaint on March 26, 2010, (Dkt. No. 56), but later filed the instant Notice of Appeal on April 1, 2010 (Dkt. No. 57).

Pursuant to 28 U.S.C. § 1915, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In the context of § 1915, "good faith" is judged by an objective standard and is shown when a plaintiff "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Thus, an appeal is taken in good faith if it presents a legal issue that is arguable on its merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (*citing Anders v. California*, 386 U.S. 738 (1967)). If a district court denies a motion to appeal *in forma pauperis*, it must state its reasons in writing. FED. R. APP. P. 24(a)(2).

The Court cannot discern any facts in Plaintiff's Notice of Appeal (Dkt. No. 57) entitling him to relief. Plaintiff's Objection (Dkt. No. 55) to the Report and Recommendation appears to challenge the Court's interpretation of the New York state court judgments rendered against him in litigation involving Plaintiff and his former wife, Defendant Merrily Miller. For the most part, however, Plaintiff merely repeats the allegations made in his Complaint which were addressed by the Court. Plaintiff also states new facts regarding the alleged unauthorized sale of property in the Cayman Islands, however those facts were never plead in the initial Complaint. In any event, the Court need not determine at this time whether Plaintiff's Objection contains a legal issue that is arguable on its merits. As explained below, Plaintiff's appeal is premature because the Court has not issued a final order on the merits which has terminated the litigation or certified

the judgment for immediate appeal under FED. R. CIV. P. 54(b). On that basis the Court finds Plaintiff's appeal is not taken in good faith.

To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception. *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (*citing* 28 U.S.C. §§ 1291, 1292; *Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.*, 890 F.2d 371, 375-76 (11th Cir. 1989). "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). A judgment that does not effectively terminate the litigation is not final or immediately appealable unless the district court certifies the judgment for immediate appeal under FED. R. CIV. P. 54(b). *CSX*, 235 F.3d at 1327 (citations omitted).

In this case, the March 5, 2010, Order which Plaintiff seeks to appeal from is not a final order. Indeed, the Order dismisses only the claims against the Social Security Administration for lack of subject matter jurisdiction. (*See* Dkt. No. 54 at 2.) As to all other parties and claims left in the case, the Court explicitly granted Plaintiff leave to amend his Complaint until March 26, 2010. Plaintiff filed an Amended Complaint on March 26, 2010, and therefore there are parties and various claims which remain pending in this action. It is clear then that this litigation has not ended. Likewise, the Order does not fall into a specific class of interlocutory orders made appealable by statute or jurisprudential exception. *CSX*, 235 F.3d at 1327; *see also* 28 U.S.C. § 1292. Accordingly, because the Court of Appeals will not have jurisdiction, an appeal of the Court's March 5, 2010, Order is without arguable merit as a matter of law and therefore not taken

3

in good faith. *See Washington v. School Bd. of Hillsborough County*, No. 8:08-cv-2023, 2010 WL 258415 (M.D. Fla. Jan. 20, 2010); *United States v. Ruetz*, No. 6:06-cv-1102, 2007 WL 2028116 (M.D. Fla. June 19, 2007); *Jackson v. Grimes*, No. 6:05-CV-1643, 2006 WL 3842091 (M.D. Fla. December 8, 2006).

Accordingly, upon due consideration, it is hereby **RECOMMENDED**:

(1)     Plaintiff's Motion for Leave to Proceed *in forma pauperis* on Appeal (Dkt. No. 58) be **DENIED**; and

(2)     the Court certify that the appeal is not taken in good faith and direct the Clerk to notify the Court of Appeals of the ruling in accordance with FED. R. APP. P. 24(a)(4).

**IT IS SO REPORTED** at Tampa, Florida, this 8th day of April, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

4

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James D. Whittemore
*Pro se* parties
Counsel of Record